(FOR SERVICE by Insurance Commissioner under K.S.A. 40-218

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

GREAT PLAINS VENTURES, INC.,

                              Plaintiff,

vs.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,   CASE NO. 14 C V 1 0 3 9

                             Defendant.

PURSUANT TO CHAPTER 60
KANSAS STATUTES ANNOTATED

ATTY CERT MAIL

## SUMMONS

**TO THE COMMISSIONER OF INSURANCE, STATE OF KANSAS:**

    YOU are hereby required to summon the above-named Defendant __LIBERTY MUTUAL FIRE INSURANCE COMPANY__ in accordance with the provisions of K.S.A. 40-218 to defend an action brought in the District Court of Sedgwick County, Kansas, by the above-named Plaintiff. A certified copy of the Plaintiff's Petition is attached hereto. Said Defendant is required to answer the said Petition within forty (40) days after service of this summons upon you. Upon failure to answer the Petition, judgment by default will be taken against the Defendant for the relief demanded in the Petition. The answer of the Defendant should be filed with the Clerk of the said Court and also served on the attorney for the Plaintiff in accordance with Sections 60-213(a) of the Code of Civil Procedure. As provided in Sec. 60-213(a) of the Code of Civil Procedure, the answer must state as a counterclaim any related claim which the Defendant may have against the Plaintiff, or it will thereafter be barred from making such claim in any other action.

    DATED this 7th day of April, 2014.

REASONABLE ACCOMMODATIONS WILL BE PROVIDED
IN ACCORDANCE WITH THE AMERICANS WITH
DISABILITIES ACT

                                            CLERK OF THE DISTRICT COURT,
                                            SEDGWICK COUNTY, KANSAS

APR 0 7 2014

                                            By _Jessica Prell_
                                               Deputy Clerk

_Wyatt Hoch_
Wyatt A. Hoch, #11747
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
316.267.6371
*Attorney for Plaintiff*

EXHIBIT
A

# RETURN ON SERVICE OF SUMMONS

**STATE OF KANSAS, COUNTY OF SEDGWICK, ss:**

      I hereby certify that I received the foregoing Summons at _____ o'clock _____.M. on the day of _____, 2014, and served the same in the following manner:

1. By forwarding a copy of the summons and a certified copy of the Petition to the secretary of the above-named Defendant company, to-wit:
   _____
   _____

2. By forwarding a copy of the summons and a certified copy of the Petition to the General Agent of said Defendant company residing in this state, to-wit:
   _____
   _____

SAID copies were forwarded on the _____ day of _____, 2014, by_____.

*Commissioner of Insurance – State of Kansas*

By_____
    Deputy

FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
316.267.6371

FILED

DOCKET NO.

2014 APR -7 P 3: 37

CLERK OF DIST. COURT
18TH JUDICIAL DISTRICT
SEDGWICK COUNTY, KS

BY_____

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

GREAT PLAINS VENTURES, INC.         )
                                     )
           *Plaintiff,*              )
                                     )
vs.                                  )   Case No. 14CV1039
                                     )
LIBERTY MUTUAL FIRE                  )
INSURANCE COMPANY,                   )
                                     )
           *Defendant.*              )
_____)

Pursuant to K.S.A. Chapter 60

COPY

## PETITION

Great Plains Ventures, Inc., for its causes of action against Liberty Mutual Fire Insurance Company, alleges and states as follows:

1. Great Plains Ventures, Inc. ("Great Plains") is a Kansas corporation in active and good standing with its principal place of business located at 3504 N. Great Plains, Wichita, Kansas 67220.

2. Liberty Mutual Fire Insurance Company ("Liberty Mutual") is an insurance company with its principal place of business in Wausau, Wisconsin. Liberty Mutual is authorized to transact business in Kansas and may be served with process through the Kansas Commissioner of Insurance.

- 1 -

3. This Court has jurisdiction over the parties and the subject matter of this lawsuit. Venue is proper in Sedgwick County.

4. Liberty Mutual issued a policy of insurance – number YU2-L4L-433977-032 – to Great Plains providing replacement cost coverage for loss or damage to Great Plains' covered buildings, personal property, business income, and extra expense, subject to the policy terms (the "Policy"). The Policy had an effective date of September 1, 2012 through September 1, 2013.

5. The Policy obligates Liberty Mutual to pay for *"direct physical loss or damage to covered property as a result of an occurrence, unless excluded."* (emphasis added).

6. Great Plains' buildings covered by the Policy are located at: (i) 3504 N. Great Plains; (ii) 5200 E. 35th Street North; (iii) 5201 E. 36th Street North; (iv) 5252 E. 36th Street North; (v) 5260 E. 36th Street North; and (vi) 800 & Rear E 37th Street North (collectively the "Covered Property"), all in Wichita, Kansas.

7. On or around May 19, 2013, the Covered Property suffered extensive hail damage (the "Occurrence"). The coated roof on 5200 E. 35th Street North and the metal panels that comprise the building envelopes on the other buildings were especially damaged by the hail storm.

8. Shortly after the Occurrence, Great Plains submitted a claim to Liberty Mutual under the Policy – claim number X80A-008856-00 (the "Claim"). Liberty Mutual then retained the services of adjusters from NHI General Adjusters to assist with the adjustment of the Claim.

9. On August 1, 2013, after NHI completed its joint loss inspection, Liberty Mutual issued a letter to Great Plains confirming that the damage caused by the Occurrence at the

Covered Property was a covered loss as outlined within the Policy and that no exclusions to coverage applied.

10.     On January 13, 2014, unable to resolve the Claim after more than six months, Great Plains filed a Sworn Statement in Proof of Loss with Liberty Mutual claiming $4,393,135.42 in damage to the Covered Property from the Occurrence.

11.     In response, on February 17, 2014, Liberty Mutual denied coverage for damage to the Covered Property. Liberty Mutual alleged that Great Plains' loss was limited to $813,737.22.

12.     Great Plains understands that Liberty Mutual's rationale for denial of coverage is that the damage to the roofs and HVAC equipment is cosmetic and not covered by the Policy. There is no language in the Policy justifying a denial on this basis.

### FIRST CLAIM FOR RELIEF
### Declaratory Judgment

13.     Great Plains incorporates the allegations of paragraphs 1 through 12 above.

14.     Pursuant to K.S.A. § 60-257 and K.S.A. § 60-1701 et. seq. Great Plains is entitled to a Declaratory Judgment stating that, under Kansas law, the hail damage sustained to the Covered Property is covered under the Policy.

### SECOND CLAIM FOR RELIEF
### Breach of Contract

15.     Great Plains incorporates the allegations of paragraphs 1 through 14 above.

16.     Liberty Mutual's refusal to fully pay Great Plains' Claim for the Covered Property constitutes a breach of the Policy it issued to Great Plains. Liberty Mutual's wrongful

refusal to pay and denial of coverage has caused substantial losses to Great Plains beyond just the policy coverage amounts.

17. Liberty Mutual's denial of coverage is a breach of its insurance contract with Great Plains. As a result of this breach, Great Plains is entitled to judgment against Liberty Mutual for damages of $3,579,398.20, and for interest thereon. Pursuant to K.S.A. § 60-208(a), Great Plains' claims are in an amount in excess of $75,000.00.

### THIRD CLAIM FOR RELIEF
#### Attorneys' Fees

18. Great Plains incorporates the allegations of paragraphs 1 through 17 above.

19. Great Plains is entitled to recover its attorneys' fees in this action pursuant to K.S.A. § 40-908.

20. Liberty Mutual is an "insurance" company as defined by K.S.A. § 40-201, and is therefore subject to the attorney's fees provision in K.S.A. § 40-256.

21. Despite demand, Liberty Mutual has refused – without just cause or excuse – to pay the full amount of Great Plains' claim.

22. Great Plains has incurred, and will continue to incur attorneys' fees for the prosecution of this action. Great Plains is entitled under K.S.A. § 40-256 to recover a reasonable sum as attorneys' fees for Liberty Mutual's refusal.

23. Great Plains is also entitled to pre-judgment interest at the statutory rate pursuant to K.S.A. § 16-201.

Great Plains Ventures, Inc. prays for the Court to:

i. declare that hail damage sustained to the roofs of the Covered Property is a "direct physical loss or damage" and is covered under the Policy;

ii. enter judgment against Liberty Mutual for damages in excess of $75,000.00;

iii. order Liberty Mutual to pay Great Plains' attorneys' fees;

iv. order Liberty Mutual to pay pre-judgment and post-judgment interest on Great Plains' damages;

v. and for other relief as the Court deems appropriate.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By: /s/ Wyatt A. Hoch
Wyatt A. Hoch, #11747
David E. Rogers, #13320
Phillip W. Pemberton, #25920
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
316.267.6371
whoch@foulston.com
drogers@foulston.com
ppemberton@foulston.com

*and*

John L. Kratzer, Jr., #6241
3504 N. Great Plains St., #100
Wichita, KS 67220

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Great Plains Ventures, Inc., by and through counsel, requests a trial by jury in this case.

By: /s/ Wyatt A. Hoch
Wyatt A. Hoch, #11747

- 5 -



Kansas Insurance Department
Sandy Praeger, Commissioner
420 SW 9th Street, Topeka, KS 66612-1678

Legal

CERTIFIED MAIL

7012 0470 0000 5746 0252

Hasler
04/10/2014
US POSTAGE $006.69
FIRST-CLASS MAIL
ZIP 66606
011D12603201

Liberty Mutual Fire
Insurance Company
Corporation Service Company
2900 SW Wanamaker Dr., Ste. 204
Topeka, Kansas 66614