UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| GREAT PLAINS VENTURES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 14-cv-01136-JAR |
| ) | |
| LIBERTY MUTUAL FIRE INSURANCE ) | |
| COMPANY, ) | |
| Defendant. ) | |

**JOINT PROTECTIVE ORDER**

The parties and their counsel have submitted their proposed protective order stipulating that the terms and conditions of this Protective Order shall be applicable to, and govern, documents and information specifically identified below. For good cause shown, the Court enters the following Order:

In accordance with this Order, the parties recognize that, during the course of discovery, it may be necessary to disclose materials that a party or non-party asserts to contain certain confidential and proprietary information, and that each wishes to ensure that such information shall not be used for any purpose other than this action, and shall not be made public or be otherwise used or disseminated beyond the extent required for purposes of this action. In addition, the parties contemplate that confidential information may be produced by a non-party or non-parties. The parties hereto therefore seek to facilitate the production and protection of such information. Documents that are to be protected under this Protective Order contain confidential information including: research and development; non-public financial information, personnel and pricing information; third-party business practices, contracts and proprietary pricing, margin and costs. In accordance with FED. R. CIV. P. 26(c), "good cause" exists for keeping these documents confidential in that there is certain non-public, commercial information

on behalf of Plaintiff, Defendant and certain non-party witnesses that if third parties outside this action were to gain access the businesses could suffer specific prejudice or harm or be subjected to annoyance, embarrassment or oppression.

**NOW, THEREFORE,** to facilitate discovery during the course of this proceeding, particularly the exchange of documents, things, information, testimony, and other evidence that the parties may consider confidential business information or that may be subject to a claim of privilege, pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, the following procedures shall be employed in this matter:

### DESIGNATION OF DISCOVERY MATERIALS AS "CONFIDENTIAL"

1. This Protective Order provides for the confidential treatment of documents in this matter (hereinafter the "Litigation") which the parties and/or non-party witnesses contend contain confidential information. Such documents shall be referred to as "CONFIDENTIAL" as set forth more fully below.

2. Material which may be designated as "CONFIDENTIAL" includes all documents, tangible things, electronic information, testimony, or other information produced or made available in the course of discovery in the Litigation, including: (a) documents produced in response to requests for the production of documents or subpoenas; (b) responses to requests for admissions, (c) responses to interrogatories; (d) transcripts of depositions, trial testimony, and excerpts thereof, including exhibits thereto; and (e) other responses or affidavits in connection with discovery requests, motions, or other filings in this Litigation.

3. <u>Designating "CONFIDENTIAL" Material</u>. Any party, or non-party witness responding to a document subpoena, may designate material as being "CONFIDENTIAL" by placing or affixing on each page of the materials, in a manner which will not interfere with their

legibility, the word "CONFIDENTIAL." Only documents or other materials as described in Paragraph 2 above which contain information that is recognized as private, proprietary, confidential, or privileged pursuant to the laws of the United States or the state of Kansas — including statutory and common law — may be designated as "CONFIDENTIAL" by either party and/or a non-party witness. Examples of such documents include, but are not limited to personnel files, employee information, or other confidential business documents.

    3(a). Except for documents produced for inspection at a party's facilities, the parties and non-party witnesses shall make reasonable efforts to designate "CONFIDENTIAL" materials prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at a party's facilities, such documents may be produced for inspection before being marked "CONFIDENTIAL." Once specific documents have been designated for copying, any documents containing confidential information will then be marked "CONFIDENTIAL" after copying before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "CONFIDENTIAL" pursuant to the procedure outlined in this Paragraph 3.

    3(b). A party may also designate as "CONFIDENTIAL" documents that have been produced in discovery by third parties pursuant to a subpoena. Upon service of any documents or other materials by a third party pursuant to a subpoena, the subpoenaing party shall notify the non-subpoenaing party of service of the documents and shall have fourteen (14) days after receipt of the subpoenaed

        materials to examine them and determine what parts, if any, of the materials are "CONFIDENTIAL" as defined in Paragraphs 2 and 3 of this Protective Order. The other party may, for the purpose of determining whether any materials produced pursuant to a subpoena are "CONFIDENTIAL," demand that the subpoenaing party provide them with a copy of the materials received pursuant to the subpoena. The party requesting subpoenaed materials from the subpoenaing party shall have fourteen (14) days after receipt of the subpoenaed materials to examine them and determine what parts, if any, of the materials are "CONFIDENTIAL" as defined in Paragraphs 2 and 3 of this Protective Order. A party wishing to designate materials produced by a third party pursuant to subpoena as "CONFIDENTIAL" must, within the fourteen (14) day period provided by this Paragraph serve upon the other party a copy of those materials which they believe are "CONFIDENTIAL," which have been identified as required by Paragraph 3. The parties, by written agreement, may extend the time allowed to examine and designate as "CONFIDENTIAL" any materials produced by a third party without the authorization of the Court. With respect to any documents produced pursuant to subpoena prior to the entry of this Protective Order, the parties shall have fourteen (14) days after the entry of this Order to designate any such subpoenaed documents as "CONFIDENTIAL" using the procedures described above in this Paragraph 3(b).

3(c).    Portions of any deposition taken in connection with this Litigation, or of any transcript of any trial or hearing conducted in connection with this Litigation,

shall be deemed "CONFIDENTIAL" only if they are designated as such when the deposition is taken, or within fourteen (14) days after receipt of the transcript of any such deposition, trial, or hearing. Any testimony which describes a document which has been designated as "CONFIDENTIAL" as described above shall be deemed to be designated as "CONFIDENTIAL," only if that testimony is designated as "CONFIDENTIAL" using the procedure set forth in this Paragraph 3(c). The parties, by written agreement, may extend the time allowed to examine and designate as "CONFIDENTIAL" portions of any deposition or transcript without the authorization of the Court.

## DISCLOSURE OF MATERIALS DESIGNATED "CONFIDENTIAL"

4. Materials, information, or documents designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in Paragraph 5 below for any purposes whatsoever other than preparing for and conducting this Litigation, including preparing for or conducting any deposition connected with this Litigation or any appeals.

5. <u>Disclosure of Material Designated "CONFIDENTIAL</u>." The parties, and counsel for the parties, shall not disclose or permit the disclosure of any materials, information, or documents designated "CONFIDENTIAL" under this Protective Order to any other person or entity, except that disclosures of "CONFIDENTIAL" material may be made to the following persons or entities for the purpose of preparing or conducting this Litigation:

>5(a). Disclosure of "CONFIDENTIAL" information may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of this Litigation. Any such employee to whom

counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

5(b).   Disclosure of "CONFIDENTIAL" information may be made to a party's employee(s), officer(s) or director(s) who have direct functional responsibility for the preparation and trial of this Litigation.

5(c).   Disclosure of "CONFIDENTIAL" information may be made to the Court, Court Clerks, and personnel, and court reporters engaged for depositions and to those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. When "CONFIDENTIAL" information is disclosed to the Court, Court Clerks, and personnel, the procedures outlined in the section of this Protective Order entitled "Use of Materials Designated 'Confidential' in Court" shall be followed.

5(d).   Disclosure of "CONFIDENTIAL" information may be made to consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this Litigation. Prior to disclosure to any Expert, the Expert shall be provided with a copy of, and become subject to, the provisions of this Protective Order requiring that documents and information be held in confidence.

6. If counsel for any party wishes to disclose "CONFIDENTIAL" materials, documents, or information other than as outlined by Paragraph 5 of this Protective Order, they may do so if consent for the additional disclosure is received, in writing, from the party originally designating

the materials as "CONFIDENTIAL." If the party desiring to make a disclosure of "CONFIDENTIAL" material to persons other than as provided by Paragraph 5 of this Protective Order does not obtain written consent for the disclosure, counsel for that party must move the Court for an additional order (i) indicating the person or persons for whom the exception is being claimed, (ii) setting forth the grounds for the request, and (iii) giving other counsel an opportunity to oppose such request.

## USE OF MATERIALS DESIGNATED "CONFIDENTIAL" IN COURT

7. Materials, information, or documents designated by the parties as "CONFIDENTIAL" contain highly sensitive information. It is the intention of the parties that such information designated "CONFIDENTIAL" not be available to, or disclosed to, members of the general public. For this reason, the parties, and counsel for any of the parties, may use any materials, information, or documents (or any part thereof) designated as "CONFIDENTIAL" in support of, or as a part of, any pleadings, motions, or other papers filed with the Court (including as exhibits attached to any such pleadings, motions, or other papers) only if they file a motion with the Court asking that such document be filed under seal and that even if the Court deems that such document may be filed under seal, the remaining protections of this Order, including prohibitions of disclosure of documents marked "CONFIDENTIAL" shall continue.

## CHALLENGING A "CONFIDENTIAL" DESIGNATION
## AND MISCELLANEOUS PROVISIONS

8. A party who believes that materials, information, or documents have been improperly designated as "CONFIDENTIAL" under the terms of this Protective Order may challenge that designation by filing a motion with the Court.

    8(a). <u>Duty to Meet and Confer</u>. Prior to filing any motion with the Court challenging any designation of materials as "CONFIDENTIAL" counsel for

the parties shall first meet and confer in person or via telephonic conference in an attempt to resolve the dispute concerning the designation. During the meet and confer required by this Paragraph 8(a), the party opposing the "CONFIDENTIAL" designation shall explain to the opposing party why they do not believe that the materials in question meet the definitions of those defined designations as set forth in this Protective Order. The party who contends that the materials in question have been properly designated as "CONFIDENTIAL" shall similarly explain their position with respect to why the materials in question are properly designated. That explanation shall include a citation to the statute, rule, case law, or other provision that justifies the designation of the materials as "CONFIDENTIAL" as those designations are defined as set forth in this Protective Order. The meet and confer requirement outlined in this Paragraph 8(a) is not required prior to the filing of a motion if the movant certifies that, despite having sent to the opposing counsel or party, at least five (5) days before the motion was filed, a letter or email proposing a time and place for such a meeting, and despite having made two (2) telephone calls to the office of the opposing counsel or party, the movant has been unable to convene a meeting to resolve the dispute.

8(b). <u>Burden on the Party Designating the Materials Confidential</u>. In the event that a motion is filed with the Court seeking to challenge the designation of materials, information, or documents as "CONFIDENTIAL" the burden of demonstrating that the materials were properly designated shall remain on the party who originally designated the materials as "CONFIDENTIAL." To

prevail on such a motion, the party originally designating the materials as "CONFIDENTIAL" shall prove to the satisfaction of the Court both that good cause exists to subject the materials in question to the terms of this Protective Order and that the designation of "CONFIDENTIAL" is appropriate for the materials in question given the meaning of those terms as defined by this Protective Order.

9. <u>Inadvertent Production of Confidential Information</u>. The inadvertent production of any material, information, or document that does not contain a "CONFIDENTIAL" designation shall not be deemed to be a waiver, in whole or in part, of that person's or entity's claim that such material is private, proprietary and/or confidential entitled to protection pursuant to the terms of this Protective Order. Any party who inadvertently fails to designate such documents as "CONFIDENTIAL" shall, promptly upon discovery of its oversight, provide notice of the error to all parties receiving such information, and shall substitute appropriately-designated documents. Any party receiving such notice shall immediately return, expunge or destroy the improperly-designated documents and treat all information contained in or derived from such documents as "CONFIDENTIAL" pursuant to this Order. In the event that the receiving party had previously disclosed improperly-designated documents to any other person or entity, it shall undertake reasonable efforts to retrieve such documents and destroy them or return them to the producing party.

10. <u>Materials Covered By an Evidentiary Privilege</u>. No term of this Protective Order shall be construed so as to require the production of any materials, documents, or information that is protected by an evidentiary privilege recognized by the laws of the state of Kansas. Such evidentiary privileges include, but are not necessarily limited to: the attorney-client privilege, the

attorney work-product privilege, and the privileges provided pursuant to the Fifth Amendment of the United States Constitution.

11. <u>No Waiver of Objections</u>. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action, or of any position as to discoverability, authenticity, materiality, relevance or admissibility of evidence, or any other objection which may be asserted during the course of this litigation.

## EFFECT AND DURATION OF ORDER

12. Upon the termination of this Litigation and the expiration of any and all appeals therefrom, all persons or entities that have received "CONFIDENTIAL" materials shall, within thirty (30) days of the conclusions of this Litigation destroy all copies of any materials designated "CONFIDENTIAL" or return all copies of such designated materials to the producing party. As an alternative to returning or destroying all or part of such "CONFIDENTIAL" materials, counsel of record shall have the right to maintain one (1) set of correspondence, pleadings, depositions, and trial transcripts and exhibits so long as such materials are kept in conformity with this Protective Order. If a party or attorney, as the case may be, has provided materials designated "CONFIDENTIAL" to any other individual as permitted by this Order, it shall be the responsibility of that party to ensure that the provided materials are either returned or destroyed as required by this Paragraph. This Paragraph does not apply to copies of any materials designated "CONFIDENTIAL" that have been submitted to, and are in the possession of, the Court.

13. In the event that disclosure of any materials designated "CONFIDENTIAL" is sought from anyone subject to this Protective Order by a lawful subpoena issued to that person by a third party, Court Order, demand by governmental authority, demand from bar counsel, or other

legal process, such person or entity subject to this Protective Order shall, at least seven (7) business days prior to disclosing the requested information, notify the party who originally disclosed the materials by overnight mail or facsimile and telephone of the request for disclosure.

14. Except as otherwise provided herein, this Protective Order may not be modified or amended unless all parties agree to the modification and amendment and it is approved by the Court. The Protective Order may also be modified or amended by an order of the Court for good cause shown.

15. This Protective Order shall not act as a shield for any person, party, or entity to refuse to disclose any information that it is, by law or rule, obligated to disclose.

16. The provisions of this Protective Order extend to confidential information produced in this case by third-parties if timely requested by the third-party.

17. Nothing in this Protective Order, or any designation or declaration pursuant to this Protective Order, shall constitute, or be used by any party as an "admission by party opponent."

18. Successor Parties. This Protective Order shall apply to all parties and counsel that presently are part of, or may become part of, this action (including any appeal), and their respective successors or assigns.

19. The parties agree that, upon execution of this Protective Order, they will treat materials, information, and documents designated "CONFIDENTIAL" as called for in this Order pending the acceptance of this Order by the Court. In the event the Court does not accept this Protective Order, the parties shall have seven (7) days to submit a modified Protective Order to the Court. During the seven (7) day period provided by this Paragraph and the period during which any modified protective order (as described in this Paragraph) is pending before the Court, the parties shall continue to conduct themselves according to the terms of this Protective Order

with respect to documents designated "CONFIDENTIAL." In the event that the Court determines to issue a protective order different in terms from those provided in this Protective Order, the parties shall conduct themselves pursuant to any such order of the Court without regard to the contents of this Protective Order. In the event that the Court determines that no Protective Order shall issue for this Litigation, the parties, having produced documents in reliance on the terms of this Protective Order, shall be bound contractually by their stipulation to its terms.

**IT IS SO ORDERED.**

Dated:  September 4, 2014

 s/ James P. O'Hara
James P. O'Hara
United States Magistrate Judge

SUBMITTED AND APPROVED BY:

s/Phillip W. Pemberton
Wyatt A. Hoch
David E. Rogers
Phillip W. Pemberton
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206
whoch@foulston.com
drogers@foulston.com
ppemberton@foulston.com
**Attorneys for Great Plains Ventures, Inc.**

s/Jefferson D. Patten
Peter E. Kanaris
Jefferson D. Patten
C. Zachary Ransel
FISHER KANARIS, P.C.
200 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606
312.474.1400
312.474.1410 (fax)
pkanaris@fisherkanaris.com
jpatten@fisherkanaris.com
zransel@fisherkanaris.com

s/Jerry D. Hawkins
Jerry Hawkins
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway Street, Suite 950
Wichita, Kansas 67202

        316.265.7741  
        316.267.7803 (fax)  
        hawkins@hitefanning.com  
        **Attorneys for Liberty Mutual Fire**  
        **Insurance Company**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| GREAT PLAINS VENTURES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 14-cv-01136-JAR-JPO |
| ) | |
| LIBERTY MUTUAL FIRE INSURANCE ) | |
| COMPANY, ) | |
| Defendant. ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND TO PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have been given a copy of the Protective Order dated _____ and entered by the Court in the above-captions case. I have read and understand the Protective Order and agree to abide by its terms.

I hereby submit to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understand that the terms of the Protective Order obligate me to use materials designated as "Confidential" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order. I further acknowledge that violation of the Protective Order may result in penalties for contempt of court.

Name:
Job Title:
Employer:
Business Address:
Date:


_____
Signature

14