UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREAT PLAINS VENTURES, INC.,

Plaintiff,

v.                                                           Case No. 14-1136-JAR

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

Defendant.


## <u>ORDER</u>

The plaintiff, Great Plains Ventures, Inc., alleges in this declaratory judgment and breach of contract action that the defendant, Liberty Mutual Fire Insurance Company, improperly denied a property insurance claim for hail damage to several commercial buildings.  Specifically, plaintiff alleges defendant refused to pay the replacement value of the damaged roofs.  The case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on plaintiff's motion to compel defendant to produce responsive documents to plaintiff's first set of requests for production **(ECF doc. 57)**.  For the reasons discussed below, plaintiff's motion is granted.

Plaintiff served its first set of production requests on September 29, 2014.[1] Defendant served its responses on October 30, 2014.[2]  Plaintiff made four requests in its

_____

[1] ECF doc. 57-1

[2] ECF doc. 57-2.

O:\ORDERS\14-1136-JAR-57.docx

first set of requests for documents.[3]   In addition to producing certain documents in response to plaintiff's document requests, defendant responded with general objections, specific objections, and two answers subject to objections.   Several of the documents defendant produced were redacted to eliminate "irrelevant" and "proprietary" information.   However, defendant provided a "privilege log" to identify which documents were withheld or redacted "as proprietary and irrelevant reserves information."[4]   On December 29, 2014, plaintiff filed its motion to compel defendant to "provide documents responsive to its discovery requests, and to produce un-redacted copies of non-privileged, responsive documents."[5]

With respect to Requests for Production Nos. 1-2, plaintiff asserts that it seeks a third-party's insurance documents because they are "highly relevant" to this case.

---

[3] Request for Production No. 1: "All documents and communications, including the adjuster's file – related to claim number 80520330 made by Cullum and Brown of Wichita under Liberty Mutual Policy number 1004498."

Request for Production No. 2: "Liberty Mutual policy number 1004498 issued to Cullum and Brown of Wichita."

Request for Production No. 3: "The adjuster's file – including all materials from any 3rd party adjuster – and/or any claims file related to an claims made by GPV arising out of the Occurrence or the dispute outlined in the Petition except for the adjuster's notes reflecting his/her mental impressions concerning reserves or dollar value of the claim."

Request for Production No. 4: "All underwriting files for all policies Liberty Mutual has issued to GPV in the past 5 years."

[4] *See* ECF doc. 59 at 8.

[5] ECF doc. 57 at 3.

Plaintiff seeks supplementation with respect to Request for Production Nos. 3-4 because defendant's responses leave it guessing whether defendant has produced all responsive documents, or has produced only some documents but withheld others on the basis of its objections.   Further, plaintiff asserts that there is no basis for defendant to withhold or redact documents on the basis of relevancy or confidentiality since a protective order has been entered in this case.

Defendant responds that plaintiff's motion is unfounded.   Defendant asserts that third-party insurance documents are irrelevant to this case.   With respect to the "privilege log," defendant argues that the redaction and withholding of certain documents is proper because the information withheld is irrelevant and/or proprietary.   Further, defendant argues that the "privilege log" provided allows plaintiff to "assess the applicability of the protection, and consequently, satisfies Rule 26(b)(5).[6]

Fed. R. Civ. P. 26(b)(1) provides that generally the scope of discovery is limited to the parties' pleaded claims and defenses, but that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."   When a party files a motion to compel and asks the court to overrule objections, the objecting party must specifically show in its response to the motion how each discovery request is objectionable.[7]   Objections initially raised but not supported in response to the motion to

---

[6] ECF doc. 59 at 9.

[7] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

compel are deemed abandoned.[8]   However, if the discovery request appears facially objectionable in that they are overly broad or seek information that does not appear relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[9]  With these standards in mind, the court addresses defendant's objections and responses to the disputed requests.

## I.    General Objections

Defendant made ten general objections in response to plaintiff's requests.[10]  In the District of Kansas, general objections are considered "overly broad and worthless unless the objections are substantiated with detailed explanations."[11]  Our courts disapprove of the practice of asserting a general objection "to the extent" it may apply to particular requests for discovery.[12]  Defendant, as the party resisting discovery, has the burden of supporting all of its objections, including its general objections.[13]  The court finds that defendant has made *no* meaningful effort to show how *any* of the general objections

---

[8] *In re Bank of Amer. Wage & Emp't Practices Litig.*, 275 F.R.D. 534, 538 (D. Kan. 2011).

[9] *Id.*

[10] *See* ECF doc. 57-2 at 1-2.

[11] *Terracon Consultants Inc. v. Drash*, No. 12-2345, 2013 WL 1633572, at *1 (D. Kan. Apr. 16, 2013).

[12] *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660-61 (D. Kan. 2004).

[13] *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269, 2011 WL 4036424, at *10 (D. Kan. Sept. 12, 2001) (citing *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 538 (D. Kan. 2006)).

apply to a specific request for production.  Defendant's general objections are listed "to the extent" that they apply to any of the set of requests for production, rendering them meaningless and hypothetical because they are *not* applied to specific requests. Therefore, the court finds that defendant's "general objections" to plaintiff's first set of requests for production are overruled.

## II.   Objections to Requests

Under Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure, the party responding to requests for production must "either state that inspection and related activities will be permitted … *or* state an objection to the request, including the reasons." Of the four requests for production, defendant objected to all four, but answered <u>and</u> objected to Requests for Production Nos. 3 and 4.  The court has substantial discretion to determine the propriety of such requests and the sufficiency of responses.[14]  An objection and answer preserves nothing and serves only to waste the time and resources of both the parties and the court.[15]   Answering discovery requests "subject to" objections is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure."[16]   The court could find "whenever [defendant's]

---

[14] *Audiotext Commc'ns Network Inc. v. US Telecom, Inc.*, No. 94-2395, 1995 WL 625744, at *1 (D. Kan. Oct. 5, 1995).

[15] *Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008).

[16] *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014).

answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."[17]   Nonetheless, the court will address the validity of defendant's objections.

### A.      Requests for Production Nos. 1-2

Initially, defendant objected to Requests for Production Nos. 1-2 *to the extent* that they seek information protected by the attorney-client privilege or work-product doctrine, or seek information pertaining to any protected business or trade secret, or any confidential, proprietary or otherwise protected business or commercial information. Initially *and* in response to plaintiff's motion, defendant objected to the requests as seeking irrelevant information.   As earlier explained, when ruling upon a motion to compel, the court generally considers those objections which have been timely asserted *and* relied upon in response to the motion.   The court generally deems objections initially raised but not relied upon in response to the motion as abandoned.[18]   Because defendant only relies upon its relevancy objection in response to this motion, the court will only address that objection.   Other objections initially raised but not supported in response to the motion to compel are deemed abandoned.

At the discovery stage, relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought

---

[17] *Id.* (citations omitted).

[18] *Sonnino*, 221 F.R.D. at 670 (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 664 (D. Kan. 1999)).

may be relevant to the claim or defense of any party.[19]   When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery does not come within the broad scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[20]   Conversely, when relevancy is not apparent on the face of the interrogatory or request, the party seeking the discovery has the burden to show the relevancy of the information or documents sought.[21]   The court finds that the information requested ("all document and communications, including the adjuster's file – and all materials from any 3rd party adjuster – related to claim number 80520330 made by Cullum and Brown of Wichita under Liberty Mutual policy number 1004498" and "Liberty Mutual policy number 1004498 issued to Cullum and Brown of Wichita") is not information that appears relevant on its face.  Thus, plaintiff has the burden to show the relevancy of the information sought.

Plaintiff argues that the third-party insurance information is relevant to its claims and defendant's affirmative defenses.  Plaintiff asserts that Cullum & Brown of Wichita ("Cullum & Brown") owns a commercial building just yards away from the covered

---

[19] *DIRECTV, Inc. v. Pucinelli*, 224 F.R.D. 677, 684 (D. Kan. 2004) (citing *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 643 (D. Kan. 2003)).

[20] *Id.*

[21] *Id.*

buildings at issue with metal roofs virtually identical to plaintiff's buildings.  Plaintiff alleges the Cullum & Brown roofs were damaged in the same hail storm that damaged plaintiff's buildings in May 2013.  Plaintiff insists that Cullum & Brown's building is (or was) covered by an insurance policy issued by defendant with policy language similar, if not identical, to the policy at issue in this case.  Because Cullum & Brown's insurance claim was allegedly paid and the roof replaced, plaintiff seeks discovery of defendant's records related to Cullum & Brown's claim.  Plaintiff argues that this information is probative of whether its policy provides coverage for damage caused by the hail storm.

Further, plaintiff asserts that these requests lead to the discovery of admissible evidence about "whether a hail storm occurred in May of 2013, the size of the stones produced by that storm, and the damage that the storm caused to the Covered Properties based on its proximity to Cullum & Brown."[22]  Finally, plaintiff argues that whether defendant paid for the replacement of Cullum & Brown's roof is relevant to whether plaintiff's policy requires replacement of its damaged property.

Defendant responds that this is a breach of contract case involving the application of plaintiff's insurance policy to the unique facts and circumstances of plaintiff's insurance claim and property conditions.  Defendant asserts that the Cullum & Brown claim involved a different insured, a different insurer (The Netherlands Insurance Company), a different contract written on different forms, different buildings with

---

[22] ECF doc. 57 at 6.

different roofs built at different times, and different independent and in-house adjusters. Thus, defendant argues that the information plaintiff seeks has no probative value and its production is not likely to lead to the discovery of admissible evidence.   Although defendant admits that Cullum & Brown owns a building relatively close to the plaintiff's buildings, defendant insists that plaintiff's claims regarding similarities between the properties are speculative and completely unsupported.

In its reply, plaintiff claims to have requested these documents "to learn why a Liberty Mutual adjuster determined that the hail damage to Cullum & Brown's flat metal roof was covered by its insurance policy, while Liberty Mutual has denied coverage for damage to GPV's flat metal roofs."[23]   Plaintiff argues these documents should be produced because they're relevant to plaintiff's bad faith claim and the burden of producing them is not an issue in this case.

The court agrees with plaintiff.   Although documents concerning Cullum & Brown's insurance claim ultimately might be deemed inadmissible at trial, the court is persuaded that those documents are discoverable given the standards discussed above. Therefore, defendant's relevancy objection is overruled.

**B.    Requests for Production Nos. 3-4**

Request for Production No. 3 asks defendant to produce "the adjuster's file – including all materials from any 3rd party adjuster – and/or any claims file related to any

---

[23] ECF doc. 60 at 8.

claims made by [GVP] arising out of the Occurrence or the dispute outlined in the Petition except for the adjuster's notes reflecting his/her mental impressions concerning reserves or dollar value of the claim."[24]   Initially, defendant objected "to the extent [this request] seeks information protected by the attorney-client privilege or work-product doctrine and to the extent this Request seeks information pertaining to any protected business or trade secret, or any confidential, proprietary or otherwise protected business or commercial information."[25]   Request for Production No. 4 asks for "[a]ll underwriting files for all policies Liberty Mutual has issued to GPV in the past 5 years."   Initially, defendant objected to this request as "vague, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence."[26]   Defendant also objected "to the extent it seeks information protected by the attorney-client privilege or work-product doctrine, or seeks information pertaining to any protected business or trade secret, or any confidential, proprietary or otherwise protected business or commercial information."[27]

Plaintiff argues that defendant "has no valid basis for refusing to produce documents responsive to Request for Production No. 3" and its "motion to compel

---

[24] ECF doc. 57-1.

[25] ECF doc. 57-2.

[26] *Id.* at 5.

[27] *Id.*

documents responsive to this request should be granted."[28]   Plaintiff asserts that the documents sought in Request for Production No. 4 are reasonable in scope, specific, and relevant.  Plaintiff cites the recent questions asked by defendant's counsel at depositions regarding roof damage from earlier storms as proof of the relevance of the underwriting files for five years prior.  Plaintiff insists that its request is "obviously calculated to lead to the discovery of admissible evidence about [defendant's] knowledge of the condition of the Covered Property prior to and after the hail storm, the damage caused to the Covered Property, and Liberty Mutual's bad faith in denying coverage for that damage."[29]   With respect to the privilege log, plaintiff asserts that the redacted information can't be withheld on the basis of irrelevance or confidentiality.  And, because defendant has not stated a valid reason for redacting or withholding information, plaintiff argues the court should order defendant to produce these documents in unredacted form.

Defendant responds that its redactions and accompanying privilege log are proper.  The only objection defendant reiterates in support of its redactions and withholdings is that the information sought is irrelevant.  Defendant also makes a vague reference to the fact that the information withheld may be proprietary.  In a footnote, defendant states "Should GPV change its current position as expressed in its motion and argue in its reply that it is legally entitled to discovery of the reserve, reinsurance, billing or banking

---

[28] ECF doc. 57 at 8.

[29] *Id.* at 9.

information that has been withheld or redacted, Liberty respectfully requests that it be given an opportunity to respond to any such argument in a sur-reply."[30]  Defendant's request is denied.  It is clear from plaintiff's motion that the withheld information is exactly what plaintiff is seeking—whether it be redacted or withheld in its entirety.  As the court already explained, the court generally deems objections initially raised but not relied upon in response to the motion as abandoned.[31]  Therefore, the court will only address defendant's relevancy and confidentiality objections and the propriety of its redactions based on the *current* record.

 <u>Irrelevancy.</u> Defendant, as the party redacting information on otherwise discoverable documents, has the burden to show why its redactions are proper.[32]  Defendant explains that its redactions and withholdings were solely related to reserves, reinsurance, billing and banking and thus, are irrelevant.  Defendant has not pursuaded the court that plaintiff should not be allowed to review this redacted information.  Defendant cites no authority other than Fed. R. Civ. P. 26(b)(5)[33] to support its redaction

---

 [30] ECF doc. 59.

 [31] *Sonnino*, 221 F.R.D. at 670 (citing *Cotracom Commodity Trading Co.*, 189 F.R.D. at 664).

 [32] *McNabb v. City of Overland Park*, No. 12-2331, 2014 WL 1152958, at *4 (D. Kan. Mar. 21, 2014).

 [33] Rule 26(b)(5) does not mention withholding information based on irrelevance.  That rule provides "[w]hen a party withholds information otherwise discoverable by claiming that the information is *privileged* or subject to protection as *trial-protection material*, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner

of claimed irrelevant information.   But, it is defendant's burden to establish lack of relevance to support its redactions.   "There is no express or implied support in either Rule 34 or Rule 1 for a party to insert the expensive and delay-causing step of redaction of irrelevant [] information into the process of producing documents."[34]   This court is in agreement with other cases in this district, which have held that "[i]t is at least implicit [in Rule 34] that the duty to 'produce documents as they are kept in the usual course of business' includes the substantive contents of those documents."[35]   Defendant has not met its burden to justify its redaction of "irrelevant" information.   Therefore, defendant's relevancy objection is overruled.   All documents withheld or redacted in response to Requests for Production Nos. 3 and 4 on the basis of irrelevancy shall be produced in their entirety except for Bates Nos. LM00650-51 and LMOO654.[36]

Confidentiality.   Originally, defendant objected "to the extent [the requests] seek[] … any confidential, proprietary or otherwise protected business or commercial

that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

[34] *McNabb*, 2014 WL 1152958, at *4 (citing *Orion Power Midwest, L.P., v. Am. Coal Sales Co.*, No. 05-555, 2008 WL 4462301, at * 2 (W.D. Pa. Sept. 30, 2008)).

[35] *Id.* (citing *Orion Power*, 2008 WL 4462301, at *2) (citing Fed. R. Civ. P. 34(b)(2)(E)(ii) (party must produce information "in a form or forms in which it is ordinarily maintained")).

[36] Plaintiff no longer seeks discovery of the redacted portions of these documents.  *See* ECF doc. 57 at 10.

information."[37]  In addition, defendant submitted a privilege log describing its basis for withholding documents as "proprietary and irrelevant reserves [or reinsurance] information."[38]  After reviewing defendant's response to plaintiff's motion, it is still unclear what documents are being redacted or withheld on the basis of confidentiality alone.  The only support defendant makes for its confidentiality objection is reference to the privilege log.

In the privilege log, defendant described redacted documents as one of the following: email communication, property loss report, serious case notice, NHI reports (2-5), invoice, bank account information, and "Form RM 9999 BPAP Coding and Distribution Report."  Defendant also withheld three documents in their entirety and described them as "account premium and loss," binder cover, and spreadsheet.  The only reference to confidentiality in the privilege log is under the heading "Basis for Withholding Document," where defendant writes "proprietary."  Defendant's description of the documents withheld is inadequate to assess their claimed protection.  Regardless, a general concern for protecting confidentiality does not equate to privilege.[39]  Thus, information and documents are not shielded from discovery merely because they are confidential.[40]  Defendant does not address or explain why the agreed protective order[41]

---

[37] ECF doc. 57-2 at 4-5.

[38] ECF doc. 57-3.

[39] *DIRECTV, Inc.*, 224 F.R.D. at 684-85 (citing *Sonnino*, 220 F.R.D. at 642).

[40] *Id.*

already entered in this case does not provide sufficient protection.  Nor does defendant meaningfully attempt to support its "proprietary" objection.  In consideration of the foregoing, the court finds that defendant has failed to meet its burden to show its redaction or withholding of documents on the basis of confidentiality is proper. Therefore, the court grants plaintiff's motion to compel with respect to Requests for Production Nos. 3 and 4.  Defendant shall produce un-redacted copies of all documents listed on its "privilege log."

IT IS THEREFORE ORDERED:

1.  Plaintiff's motion to compel **(ECF doc. 57)** is granted.   All responsive documents that defendant has been ordered to produce shall be served by **February 9, 2015**.

2.  The parties shall bear their own expenses and attorney fees incurred in connection with this motion.   But the court respectfully suggests that counsel, in particular defense counsel, review again paragraph 3(k) of the scheduling order (ECF doc. 18), i.e., the parties are forewarned that if they assert bogus discovery objections such as those involved in the present motion, the court intends to impose stiff sanctions, including but not limited to attorney fees, under Fed. R. Civ. P. 26(g).

---

[41] *See* ECF doc. 21.

Dated January 29, 2015 at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge