UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREAT PLAINS VENTURES, INC.,

                Plaintiff,

v.                                            Case No. 14-1136-JAR

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                Defendant.

## **ORDER**

This case is before the undersigned U.S. Magistrate Judge, James P. O'Hara, on defendant Liberty Mutual Fire Insurance Company's motion to stay pending its Rule 72(a) objection to the court's discovery order **(ECF doc. 63)**.  For the reasons discussed below, defendant's motion is denied.

On December 29, 2014, plaintiff Great Plains Ventures, Inc. filed a motion to compel arguing that defendant's responses to its first set of production requests were evasive or incomplete.  In response, defendant reasserted its relevancy and confidentiality objections to support its withholding and redaction of certain documents.  On January 29, 2015, the court overruled defendant's objections and ordered defendant to produce un-redacted copies of all responsive documents by February 9, 2015.[1]  Defendant then filed the instant motion to stay in anticipation of filing its objection to the discovery order.  On

---

[1] *See* ECF doc. 62.

February 12, 2015, pursuant to Fed. R. Civ. P. 72(a), defendant filed a motion to review the January 29, 2015 order compelling production.  Defendant argues that the court's discovery order is "erroneous and contrary to law for several reasons, including the following: (a) information … related to other insureds, insured under other insurance contracts, issued by a different insurance company has no arguable relevancy to the pending action; and (b) reserve information is inadmissible at trial, and not reasonably calculated to lead to the discovery of admissible evidence."[2]

In its motion, defendant asserts that "any production of the subject materials prior to [] a ruling [by the district judge] would be unduly and irreversibly prejudicial to defendant."[3]  Therefore, defendant asks that the court enter a stay of its order until the presiding U.S. District Judge, Julie A. Robinson, has considered and ruled upon its objection.  Defendant cited no other authority or case law in support of its request.

Plaintiff responds that the stay should be denied because this is not an emergency situation requiring a stay and a delay in document production will delay the trial schedule.[4]  Plaintiff argues that compliance with the discovery order will not unduly or irreversibly prejudice defendant because: (1) the order does not require production of privileged documents; (2) after production, defendant can continue to advance its relevance-based objections to the *admission* of these documents as evidence; and (3) any

---

[2] ECF doc. 67.

[3] ECF doc. 63 at 2.

[4] *See* ECF doc. 65.

concerns about confidentiality are adequately addressed by the protective order already entered in this case.  However, if a stay is entered, plaintiff insists that the further delay in the production of documents will jeopardize the deadlines set in the scheduling order.  Plaintiff asserts that it will also delay the depositions of defendant's representatives whom plaintiff seeks to depose regarding the content of the documents defendant has been ordered to produce.

In its reply, defendant argues that it is "only reasonable and proper that the production be stayed until the District Judge has considered the objections."[5]  Defendant asserts that a stay of this discovery will have no impact on other discovery or the scheduling of depositions.  And, even if discovery is delayed, defendant asserts that this isn't a reason to deny its right to have the order reviewed by the district judge.  Defendant argues that the information sought is likely not admissible and once plaintiff sees it, it can't be unseen.  Therefore, defendant insists that even if the district judge overturns the discovery order, it will "fail to rectify the prejudice to defendant resulting from plaintiff's counsel having already seen the information."  Once again, defendant cites no authority in support of its request for a stay.[6]

---

[5] ECF doc. 68 at 1.

[6] Defendant did cite to *Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.*, No. 11-2714, 2014 WL 2690150, *3 (D. Kan. June 13, 2014), but only for the proposition that the "reserve information is not admissible at trial" (ECF doc. 68 at 2).

Although the parties have not cited, and the court was unable to locate, any standard specific to consideration of a motion to stay an order of a magistrate judge pending resolution of an appeal by objections filed with the district court, some courts have held that a stay of a magistrate judge's discovery order should be granted sparingly.[7] Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt.[8]  As the court noted in our sister district:

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pretrial disputes…. Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves interested in a speedy resolution of their disputes.[9]

However, a stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling *and* where a failure to render a stay could result in serious, irreversible injury to the party seeking the stay.[10]

---

[7] *See HEI Resources East OMG Joint Venture v. Evans*, No. 09-00028, 2009 WL 250364, *1 (D. Colo. Feb. 3, 2009); *Granato v. City and County of Denver*, No. 11-304, 2011 WL 1335854, *2 (D. Colo. Apr. 7, 2011); *Copic Ins. Co. v. Wells Fargo Bank, N.A.*, No. 09-00041, 2010 WL 935646, *1 (D. Colo. Mar. 11, 2010); *Zander v. Craig Hosp.*, 09-2121, 2010 WL 1571213, *1 (D. Colo. Apr. 20, 2010).

[8] *Granato*, 2011 WL 133585854, at *2 (citing *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989).

[9] *Id.* (quoting *Nat'l Excess Ins. v. Civerolo, Hansen & Wolf, P.A.*, 139 F.R.D. 401, 404 (D.N.M. 1991).

[10] *Id. See Adams v. Gateway, Inc.*, No. 02-106, 2004 WL 733990, *2 (D. Utah Jan. 5, 2004) (stating that there is no existing authority concerning the standard for a stay pending resolution of an objection to a magistrate judge's order by adopting a four part

Here, defendant has not shown that a stay is necessary to protect its interests. Although defendant claims that it will be unduly and irreversibly prejudiced if a stay is not entered, defendant fails to state any specifics as to how it will be prejudiced. Defendant only makes conclusory assertions.  As recognized in *Granato*, a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like.[11]  But, relevancy is the only objection at issue here.  Defendant has not only failed to show any irreparable harm, but it has not even shown it is unduly burdensome for it to comply with the order and submit un-redacted forms of the responsive documents.  Therefore, the court sees no reason to grant defendant's unsupported request and risk unnecessarily delaying the proceedings.

IT IS THEREFORE ORDERED:

1. Defendant's motion to stay (**ECF doc. 63**) is denied.
2. All responsive documents that defendant has been ordered to produce shall be served by **February 20, 2015.**

---

test involving "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest").

[11] *Id.*

O:\ORDERS\14-1136-JAR-63.docx

Dated February 12, 2015 at Kansas City, Kansas.

                                                                                s/ James P. O'Hara
                                                                               James P. O'Hara
                                                                               U. S. Magistrate Judge