IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GREAT PLAINS VENTURES, INC.,                )<br>                                                                     )<br>                    Plaintiff,                            )<br>                                                                     )<br>vs.                                                              )<br>                                                                     )   Case No. 14-1136-JAR-JPO<br>LIBERTY MUTUAL FIRE                           )<br>INSURANCE COMPANY,                          )<br>                                                                     )<br>                    Defendant.                         )<br>_____)  | |

## MEMORANDUM AND ORDER

This matter is presently before the Court upon Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") Motion to Review the Magistrate's Order dated January 29, 2015 (Doc. 66). Having carefully reviewed the arguments of the parties, the Court is now prepared to rule. For the reasons explained in detail below, Liberty Mutual's Motion is denied as moot.

**I.    Background**

This case is a dispute between Liberty Mutual and its insured, Great Plains Ventures, Inc. ("GPV"), involving a first-party property insurance contract and a claimed hail loss. Liberty Mutual denied insurance coverage for property losses to flat metal roofs of buildings owned by GPV in May 2013, when a hail storm swept through Wichita. Cullum & Brown, the owner of neighboring property with a flat metal roof that also suffered damage in the hail storm, submitted a claim to The Netherlands Insurance Company ("NIC"), a Liberty Mutual company. After evaluation by a Liberty Mutual adjuster, NIC paid for replacement of the Cullum & Brown roof.

GPV served a request for production on Liberty Mutual, requesting, *inter alia*, documents relating to Cullum & Brown's insurance claim. Liberty Mutual objected to

production of the Cullum & Brown documents, and on December 29, 2014, GPV filed a motion to compel arguing that Liberty Mutual's responses to its first set of production requests were evasive or incomplete.[1] Liberty Mutual reasserted its relevancy and confidentiality objections to support its withholding and redaction of certain documents.[2] On January 29, 2015, Magistrate Judge James P. O'Hara overruled Liberty Mutual's objections and ordered it to produce unredacted copies of all responsive documents by February 9, 2015.[3] Liberty Mutual then requested Judge O'Hara to stay his order in anticipation of its objection to the discovery order under D. Kan. Rule 72.1.4(d),[4] followed by a Fed. R. Civ. P. 72(a) motion to review the January 29, 2015 order compelling production.[5] While the motion to review was pending, Judge O'Hara denied the motion to stay, and ordered all responsive pleadings that Liberty Mutual has been ordered to produce to be served by February 20, 2015.[6] Liberty Mutual did not seek a stay with this Court pending a ruling on the Rule 72(a) motion, but instead submitted the document production to GPV in accordance with Judge O'Hara's order denying a stay.[7]

## II.     Discussion

Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to a magistrate judge's nondispositive order. The court does not conduct a de novo review; rather, it applies a

---

[1] Doc. 57.

[2] Doc. 59.

[3] Doc. 62.

[4] Doc. 63.

[5] Doc. 66.

[6] Doc. 69.

[7] Doc. 74.

more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."[8]  The court must affirm the magistrate judge's order unless the entire evidence leaves it "'with the definite and firm conviction that a mistake has been committed.'"[9] A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[10]

D. Kan. Rule 7.1.4(d) permits an application for a stay of a magistrate judge's order pending review by the district judge, to be first made with the magistrate judge.  Liberty Mutual did not reassert its application for stay with this Court after Judge O'Hara denied its original request, and instead complied with the court's order to produce all documents by February 20, 2015.  Because Liberty Mutual has complied with the motion to compel, its request for review under Rule 72(a) appears to be moot.

Nevertheless, Liberty Mutual urges that Judge O'Hara's order compelling production of unredacted copies of Cullum & Brown documents was clearly erroneous, as the materials are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.[11]  Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

---

[8]Fed. R. Civ. P. 72(a); *see Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

[9]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only for a clear abuse of discretion).

[10]*Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 13, 2011) (quotation omitted).

[11]Liberty Mutual does not argue the documents are privileged or that production would be overly burdensome.

3

admissible evidence." As such, the requested information must be both nonprivileged and relevant to be discoverable. "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence."[12] "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."[13] Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."[14] The scope of discovery is broad, but not unlimited. If the proponent has failed to specify how the information is relevant, the court will not require the respondent to produce the evidence.[15]

In this case, the requested Cullum & Brown information is not relevant on its face. GPV claims that the Cullum & Brown roofs are virtually identical to its buildings, were damaged in the same hail storm in May 2013, and are covered by an insurance policy with language similar, if not identical, to the policy at issue in this case. Judge O'Hara agreed with GPV that Liberty Mutual's records related to Cullum & Brown's claim is probative of whether its policy provides coverage for damage caused by the hail storm; that these requests might lead to the discovery of admissible evidence about whether the storm occurred, the size of the stones, and the damage cause to GPV's properties based on its proximity to Cullum & Brown; and are relevant to GPV's

---

[12]*Teichgraeber v. Mem'l Union Corp. of Emporia St. Univ.*, 932 F. Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).

[13]*Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

[14]*Snowden ex rel. Victor v. Connaught Lab.*, 137 F.R.D. 325, 341 (D. Kan. 1991).

[15]*Gheesling v. Chater*, 162 F.R.D. 649 (D. Kan. 1995).

bad faith claim against Liberty Mutual.[16]  As Judge O'Hara succinctly concluded, "[a]lthough documents concerning Cullum & Brown's insurance claim ultimately might be deemed inadmissible at trial, the court is persuaded that those documents are discoverable given the standards discussed above."[17]

The Court concludes that Judge O'Hara's finding of relevancy given these facts does not rise to the level of clearly erroneous or contrary to law.[18]  In so ruling, the Court agrees with Judge O'Hara that the issue of relevance appears better suited for a motion *in limine*, and thus Liberty Mutual's objection is denied without prejudice to raise relevance and prejudice arguments at that time.[19]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Liberty Mutual's Motion for Review of Magistrate Judge's Order (Doc. 66) is **DENIED.**  All responsive documents that Liberty Mutual has been ordered to produce, if not previously produced on February 20, 2015, shall be served by **May 11, 2015.**

**IT IS SO ORDERED.**

Dated: May 1, 2015

                                       S/ Julie A. Robinson
                                       JULIE A. ROBINSON
                                       UNITED STATES DISTRICT JUDGE

---

[16]Doc. 62 at 6–9.

[17]*Id*. at 9.

[18]*See U.S. Fire Ins. Co. v. Bunge N.A., Inc.*, 244 F.R.D. 638, 645 (D. Kan. 2007) (holding evidence of insurer reserves is discoverable because it could lead to admissible evidence about the insurer's own beliefs about coverage and liability, as well as any good or bad faith in investigating the claims, noting that any objections went probative value or eventual admissibility of such information).

[19]*See Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co.*, No. 11-2714-JAR, 2014 WL 2690150, at *2 (D. Kan. June 13, 2014) (granting motion *in limine* to exclude evidence of insurance company's reserve information after plaintiff's loss).